IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| JOSEPH F. SMITH | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:06cv597 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM OPINION AND ORDER

Movant Joseph F. Smith, a prisoner currently confined at the Springfield Medical Facility in Springfield, Missouri, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

### Factual Background and Prior Proceedings

On February 8, 2001, a five-count Indictment was returned against movant. Count One charged movant with conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 371. Count Two charged him with interference with commerce by robbery, in violation of 18 U.S.C. § 1951. Counts Three and Five charged movant with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Count Four charged him with motor vehicle theft, carjacking, in violation of 18 U.S.C. § 2119.

On August 31, 2001, movant was found guilty by a jury as to Counts One through Three. On November 26, 2001, movant entered a plea of guilty to Count Five, and Count Four was dismissed. On April 19, 2002, movant was sentenced to a term of 461 months imprisonment.

On April 26, 2002, movant filed a timely notice of appeal. On June 26, 2002, the United States Court of Appeals for the Fifth Circuit dismissed movant's appeal for failure to pay the filing fee. On November 5, 2003, the Fifth Circuit granted movant's motion to reinstate his appeal. On January 6, 2004, movant filed a second notice of appeal. Movant's appeal was dismissed on January 3, 2005.

On August 1, 2005, movant filed a motion for extension of time to file a motion pursuant to 28 U.S.C. § 2255. The motion was denied on August 12, 2005. Movant filed this motion on April 14, 2006.[1]

The respondent was ordered to show cause why relief should not be granted. In response, the respondent filed a motion to dismiss, asserting that movant's motion to vacate sentence is barred by the applicable statute of limitations. The motion was previously denied. However, for the reasons set forth below, the court is of the opinion the motion should be granted. Accordingly, this memorandum opinion and order reconsiders the previous denial of the motion to dismiss.

The Motion to Vacate

Movant raises the following grounds for review: (1) he was denied effective assistance of counsel because trial counsel refused to take the action necessary to appeal counts one, two, and three; (2) he was denied effective assistance of counsel on appeal; and (3) the evidence was insufficient to establish federal jurisdiction.

Analysis

*Limitations*

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations for the filing of a motion to vacate sentence. 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

---

[1] A *pro se* prisoner's habeas petition is deemed filed, for purposes of determining the applicability of the AEDPA, when he delivered the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Here, movant did not state the date on which he delivered his motion to prison officials, however, he executed his motion on April 14, 2006. The motion could not have been placed in the mail any earlier than the date on which it was executed. Accordingly, for purposes of this memorandum, the court will use April 14, 2006 as the filing date.

removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant was convicted and sentenced on April 19, 2002. Movant appealed to the Fifth Circuit Court of Appeals, and the appeal was dismissed on January 3, 2005.

In the motion to dismiss, the respondent asserts the appeal was dismissed by the Fifth Circuit Court of Appeals on February 9, 2005. However, a recent review of the pleadings revealed the appellate decision was filed on January 3, 2005 in the Fifth Circuit. *See United States v. Smith*, No. 02-40717 (5th Cir. 2005). The government and the court inadvertently relied on the date the appellate order was docketed at the district court, February 9, 2005.

Movant did not file a petition for writ of certiorari to the Supreme Court. A criminal judgment becomes final when the applicable period for seeking direct appellate review has expired. *See Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000). Therefore, movant's conviction became final on April 4, 2005, the last day on which he could have filed a petition for writ of certiorari in the United States Supreme Court.[2] *See* SUP. CT. R. 13(1) (A petition for writ of certiorari to review a judgment in any case is timely when it is filed with the Clerk of Court within 90 days after entry of the judgment). The one-year period began to run on April 5, 2005, the day after the conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir.1998), and expired on April 4, 2006. Movant did not file this § 2255 motion until April 14, 2006. Accordingly, the motion is barred by limitations, absent any tolling.

---

[2] Ninety days from January 3, 2005 was April 3, 2005. Because April 3, 2005 was a Sunday, movant's conviction became final on the following Monday, April 4, 2005.

Here, movant requests equitable tolling of the limitations period. Movant asserts he had limited access to the law library due to his confinement in the Special Housing Unit ("SHU") from May 19, 2005 through December 2005. Additionally, movant claims he was not knowledgeable of how to research and file his action. Further, movant claims he was transferred to a medical facility due to his mental condition on January 17, 2006 and experienced some delay receiving some of his property.

The statutory limitations period is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *United States v. Jackson*, 470 F. App'x 324 (5th Cir. 2012). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. *Holland* defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." *Id.*, at 653. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Movant has failed to assert any sufficient factual basis supporting a claim he diligently pursued his rights and could not have discovered his claims earlier due to some extraordinary circumstance. Neither proceeding *pro se*, having limited access to a law library, nor lacking knowledge of filing deadlines can serve as a basis for equitable tolling as they are not a "rare and exceptional" circumstances of prison life. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000). A *pro se* prisoner's ignorance of the law of habeas corpus is likewise insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Further, movant fails to assert he diligently pursued his rights during the six to seven months when he was not subjected to the difficulties alleged, the period following the dismissal of his appeal on January 3, 2005 through May 2005 and the period from January 17, 2006 through the end of the limitations period on April 4, 2006. Accordingly, equitable tolling is not warranted, and the motion to vacate is barred by limitations.

## ORDER

For the reasons set forth above, the Memorandum Order denying the respondent's motion to dismiss is **WITHDRAWN**. It is further

**ORDERED** that the respondent's motion to dismiss the above-styled motion to vacate as barred by limitations is **GRANTED.** A final judgment shall be entered in accordance with the Memorandum.

**SIGNED this the 29th day of June, 2016.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE